# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No.: 2:25-cr-00339-MEF |
| ) | |
| KIRSTYN PEARL ) | |
| ) | |
| *Defendant* ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT KIRSTYN PEARL'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

Sara Kropf
Janelle Geddes
Kropf Moseley Schmitt PLLC
1100 H Street NW, Suite 1220
Washington, DC 20005
(202) 627-6900
sara@kmlawfirm.com
janelle@kmlawfirm.com

*Counsel to Kirstyn Pearl*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

SUMMARY OF FACTS ............................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

    I.    The Indictment Against Kirstyn Pearl Fails to State an Offense. ...................................... 2

    II.   In the Alternative, the Government Should Provide a Bill of Particulars Apprising Kirstyn Pearl of the Circumstances and Substance of the Material Nonpublic Information She Allegedly Received. ........................................................................................................... 4

CONCLUSION ............................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**

*Oran v. Stafford*, 226 F.3d 275 (3d Cir. 2000) .................................................................................. 4

*SEC v. Obus*, 693 F.3d 276, 289 (2d Cir. 2012) ............................................................................ 5

*United States v. Levoff*, No. 19-CR-780, 2020 WL 4670913 (D.N.J. Aug. 12, 2020) ..................... 4

*United States v. Mandell*, 710 F.Supp.2d 368 (S.D.N.Y. 2010) ...................................................... 5

*United States v. Nikas*, No. 19CR716 (DLC), 2019 WL 6838673 (S.D.N.Y. Dec. 13, 2019) ........ 6

*United States v. Rajaratnam*, No. 09 CR. 1184 (RJH), 2010 WL 2788168 (S.D.N.Y. July 13, 2010) .................................................................................................................................... 6

*United States v. Schiff*, 602 F.3d 152 (3d Cir. 2010) ....................................................................... 4

**Statutes**

17 C.F.R. 240.10b-5 ....................................................................................................................... 4

**Rules**

Fed. R. Crim. P. 12(b)(3)(B)(v) ...................................................................................................... 3
Fed. R. Crim. P. 7(f) ....................................................................................................................... 5

## INTRODUCTION

The Indictment alleges that five defendants, including Kirstyn Pearl, executed an insider trading scheme. (Indictment ¶¶ 1–2) The Government claims that the defendants effected this conduct across multiple States, as well as a U.S. Territory, and involved five brokers and several companies in doing so. (Indictment ¶ 2) Given these allegations, the defendants must be given sufficient information about the charges against them. However, the Government has failed to provide information about a key element of insider trading as it relates to Kirstyn Pearl—the circumstances and substance of the inside information that she allegedly received.

Instead, the Indictment suggests that an innocuous text and car ride with her stepfather are sufficient grounds for an inference that Ms. Pearl received and then traded on inside information. (Indictment ¶¶ 34–35) Outside of conclusory statements, the Indictment never states that Ms. Pearl's stepfather provided her with inside information, let alone any details about what information he allegedly gave her and when.

The Government's failure to adequately plead these allegations leaves Ms. Pearl guessing as to a critical element of the charges against her. Given this failure and the stakes of this case, the Indictment against Kirstyn Pearl should be dismissed. Alternatively, the Government should provide a bill of particulars regarding the substance and circumstances of the inside information that Ms. Pearl allegedly received.

## SUMMARY OF FACTS

Kirstyn Pearl's stepfather, defendant Rouzbeh "Ross" Haghighat, was a Director on the Board of Directors for a biotech company. (Indictment ¶ 2) The Indictment alleges that in his role as Director, Mr. Haghighat obtained confidential information about the company's potential merger with another company. (Indictment ¶¶ 1–2) The Government claims that Mr. Haghighat

shared confidential information about the merger with four people—his brother, a mentee, a friend, and his daughter-in-law, Kirstyn Pearl. (Indictment ¶¶ 1–2, 14) The Indictment alleges that each then traded in securities of the biotech company. (Indictment ¶¶ 1, 14)

With respect to Ms. Pearl, the Indictment fails to provide any information about the timing and substance of the inside information that Mr. Haghighat allegedly provided to Ms. Pearl. The Indictment provides only the following two paragraphs regarding communications between Mr. Haghighat and Ms. Pearl prior to the alleged illegal activity:

34. On or about May 22, 2023, after ROSS HAGHIGHAT attended a Company-1 Board meeting at which the proposed acquisition was discussed, he messaged PEARL, "I just finished Board call," and "Looking forward to our drive back on Wednesday."

35. On or about Wednesday, May 24, 2023, ROSS HAGHIGHAT picked up PEARL from in or around Brooklyn, New York, and they drove back to ROSS HAGHIGHAT's home in or around West Newbury, Massachusetts.

(Indictment ¶¶ 34–35)

## ARGUMENT

### I. The Indictment Against Kirstyn Pearl Fails to State an Offense.

The Government has failed to plead an essential element of its alleged securities fraud claims against Ms. Pearl. Therefore, the Indictment against her should be dismissed. *See* Fed. R. Crim. P. 12(b)(3)(B)(v).

In evaluating a motion to dismiss, the Court must determine whether, assuming all the facts alleged in the Indictment are true, "a jury could find that the defendant committed the offense for which he was charged." *United States v. Levoff*, No. 19-CR-780, 2020 WL 4670913, at 1 (D.N.J. Aug. 12, 2020) (citing *United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012)). "A district court may grant a pretrial motion to dismiss an indictment, or a portion thereof, if the

indictment's allegations do not suffice to charge an offense." *United States v. Schiff*, 602 F.3d 152, 161 (3d Cir. 2010).

In this case, Ms. Pearl is charged with securities fraud, in violation of 17 C.F.R. 240.10b-5. To prove these allegations, the Government must show, in relevant part, that the defendant received material nonpublic information (MNPI), and then willfully failed to disclose that information in connection with the purchase and/or sale of a security. *See Schiff*, 602 F.3d at 167–68; *Oran v. Stafford*, 226 F.3d 275, 282 (3d Cir. 2000).

Here, the Government fails to allege that Ms. Pearl received any specific MNPI, the most essential element of an insider trading claim. The Indictment never provides the circumstances or substance of the MNPI that Ms. Pearl allegedly received. Rather, as described above, the Indictment offers two paragraphs that describe texts about scheduling between Ms. Pearl and Mr. Haghighat, as well as a shared car ride to the family home. (Indictment ¶¶ 34–35) Far from alleging that Ms. Pearl received inside information from her stepfather, these paragraphs do nothing more than describe typical interactions among family members.

The Government has not provided any information about the alleged MNPI that Ms. Pearl received or when she received it. In fact, outside of cursory statements, the Government has failed to allege that Ms. Pearl received any specific MNPI. (*See* Indictment ¶¶ 1, 33, 81, 83) The vague description of Ms. Pearl and her stepfather driving together to the family home fails to provide Ms. Pearl with sufficient information to prepare for trial. Ms. Pearl cannot defend against these claims without confirmation of the content and timing of the inside information she allegedly received.

Separately, the Indictment fails to allege any facts that Ms. Pearl was in knowing possession of MNPI. *SEC v. Obus*, 693 F.3d 276, 289 (2d Cir. 2012) (tippee must be "in knowing

3

possession of the material non-public information" and then "use[] the information by trading . . . for his own benefit"). The Indictment alleges no facts that Ms. Pearl knew that any information shared by Ms. Haghighat was not public. The Government does quote a text message from nearly a year later where Ms. Pearl jokingly references an "illegal insider trading scheme." Indictment ¶ 51. But the Indictment contains no factual connection between this text in April 2024 and the trades in May 2023, and thus this text alone cannot meet even the low standard to survive a motion to dismiss. Indeed, the text references a "$60,000 check" when that is not the amount that the Indictment alleges Ms. Pearl gave to Mr. Haghighat.

For these reasons, even assuming all facts in the Indictment are true, the Government has failed to allege that Ms. Pearl received any specific MNPI, a critical element of the alleged securities fraud claims, and the Government has failed to allege that she was in knowing possession of MNPI and traded on it. Therefore, the Indictment should be dismissed.

## II. In the Alternative, the Government Should Provide a Bill of Particulars Apprising Kirstyn Pearl of the Circumstances and Substance of the Material Nonpublic Information She Allegedly Received.

Alternatively, because the Government has failed to provide any information about the MNPI that Ms. Pearl allegedly received, the Court should exercise its discretion to order the Government to provide a bill of particulars on the circumstances and substance of this information.

Pursuant to Rule 7(f), the Court may require the government to provide a bill of particulars. Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately

4

described offense.'" *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quoting *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971)).

A bill of particulars is particularly appropriate to "supplement an indictment that is 'insufficient to permit the preparation of an adequate defense.'" *United States v. Nikas*, No. 19CR716 (DLC), 2019 WL 6838673, at 2 (S.D.N.Y. Dec. 13, 2019) (quoting *United States v. Rigas*, 490 F.3d 208, 237 (2d Cir. 2007)).

"There is precedent for directing the filing of a bill of particulars in an insider trading conspiracy case." *United States v. Rajaratnam*, No. 09 CR. 1184 (RJH), 2010 WL 2788168, at 2 (S.D.N.Y. July 13, 2010) (citing *United States v. Contorinis,* 09 Cr. 1083(RJS), slip op. at 1 (S.D.N.Y. May 5, 2010) ("directing the government to 'submit a bill of particulars with respect to the material, non-public information allegedly disclosed in connection with' a specified transaction"); *United States v. Nacchio,* 05 Cr. 545(EWN), 2006 WL 2475282, at 3, 5–9 (D. Colo. Aug. 25, 2006) ("directing the government to provide additional particulars regarding the nature of the inside information").")

In *Nacchio*, for example, Defendant was the CEO and a Board member of a company. *Nacchio*, 2006 WL 2475282, at 1. The Indictment claimed that he sold stock in the company over a 10-month period during which he allegedly had inside information about the "extremely aggressive" nature of the company's financial reporting. *Id.* at 1,6. The Court ordered the Government to provide a bill of particulars about the MNPI, reasoning that more details were "necessary to defend against these charges, because the indictment right now simply charges that he was aware of this information without saying when he became aware of it or without tying it to any particular count in the indictment." *Id*. at 6.

5

Given the complex nature of insider trading cases and the Government's failure to provide sufficient details regarding the MNPI that Ms. Pearl allegedly received, the Government should be required to provide a bill of particulars with details about the MNPI. Similar to *Nacchio*, the Government has failed to provide necessary details about what MNPI was received, when she allegedly became aware of MNPI, and how that MNPI ties to the relevant counts against her. Without a bill of particulars, Ms. Pearl will not be able to adequately prepare her defense and will be left guessing as to a critical element of the charges against her. Additional information about the MNPI allegedly shared will also make trial more efficient by permitting Ms. Pearl to focus her defense on the Government's precise theory.

## **CONCLUSION**

For the reasons mentioned above, the Court should dismiss the claims against Kirstyn Pearl. Alternatively, the Court should order the Government to provide a bill of particulars that identifies the substances and circumstances as to the alleged material nonpublic information that Ms. Pearl received.

Dated: August 8, 2025    Respectfully submitted,

> Sara Kropf (*pro hac vice*)
> Janelle Geddes (*pro hac vice*)
> Kropf Moseley Schmitt PLLC
> 1100 H Street NW, Suite 1220
> Washington, DC 20005
> (202) 627-6900
> sara@kmlawfirm.com
> janelle@kmlawfirm.com
>
> *Counsel to Kirstyn Pearl*

6