# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No.: 25-cr-00339-MEF |
| ) | |
| v. ) | |
| ) | |
| KIRSTYN M. PEARL ) | |
| ) | |
| *Defendant* ) | |
| ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT KIRSTYN M. PEARL'S MOTION TO DISMISS THE INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

Paul T. Weinstein
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, New York 11271
(212) 238-3090
pweinstein@emmetmarvin.com
*Counsel for Kirstyn M. Pearl*

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................1

    I.    The Indictment Fails to Sufficiently Allege the Elements of Insider Trading and Should be Dismissed, or in the Alternative a Bill of Particulars Should be Required.................1

        a.    The Indictment Should be Dismissed for the Failure to Sufficiently Allege an Offense ...............................................................................................................1

        b.    A Bill of Particulars Should be Required Here in the Alternative ...............................3

        c.    The Government's Responding Memorandum Exhibits the Government's Intent to Rely Upon Spill-Over Evidence, Inadmissible as against Ms. Pearl, to Substitute for the Lack of Proof of the Knowing Transmission and Receipt of MNPI.......................5

CONCLUSION........................................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Russell v. United States*,
  369 U.S. 749 (1962)..................................................................................................1

*In re Terrorist Bombings of U.S. Embassies in E. Afr.*,
  552 F.3d 93 (2d Cir. 2008).........................................................................................4

*Oran v. Stafford,*
  226 F.3d 275 (3d Cir. 2000) ......................................................................................2

*United States v. Bin Laden*,
  92 F. Supp. 2d 225 (S.D.N.Y. 2000).........................................................................4

*United States v. Blakstad*,
  No. 19 CR. 486 (ER), 2020 WL 5992347 (S.D.N.Y. Oct. 9, 2020) .........................4

*United States v. Bortnovsky*,
  820 F.2d 572 (2d Cir. 1987).......................................................................................4

*United States v. Gilbert*,
  504 F. Supp. 565 (S.D.N.Y. 1980) ...........................................................................6

*United States v. Kemp*,
  500 F.3d 257 (3d Cir. 2007).......................................................................................2

*United States v. Lino*,
  No. 00 CR. 632 (WHP), 2001 WL 8356 (S.D.N.Y. Jan. 2, 2001)............................4

*United States v. Price*,
  13 F.3d 711 (3d Cir. 1994).........................................................................................6

*United States v. Schiff,*
  602 F.3d 152 (3d Cir. 2010) ......................................................................................2

# INTRODUCTION

This reply memorandum is respectfully submitted on behalf of Defendant Kirstyn M. Pearl (the "Defendant"), in further support of her motion to dismiss the indictment or in the alternative for a bill of particulars (the "Motion"). For the reasons set forth in Ms. Pearl's opening memorandum and below, the indictment should be dismissed or in the alternative a bill of particulars should be required.

# ARGUMENT

## I. The Indictment Fails to Sufficiently Allege the Elements of Insider Trading and Should be Dismissed, or in the Alternative a Bill of Particulars Should be Required

### a. The Indictment Should be Dismissed for the Failure to Sufficiently Allege an Offense

The Government concedes that "the Indictment does not allege with specificity the exact details of the particular MNPI Ross Haghighat provided to Pearl in their private conversations." (Gov't Resp. at 7 (ECF No. 87)). The Government argues, however, that it does not need to do so. Rather, the Government claims here that "no greater specificity than the statutory language is required," because "there is sufficient factual orientation to permit the defendant to prepare [her] defense and to invoke double jeopardy in the event of a subsequent prosecution." (*Id.* at 4, 7 (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)).

The Government is mistaken. "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962). The Government has failed to provide sufficient facts to permit Ms. Pearl to prepare her defense; therefore, "greater specificity that than the statutory language is required." *Kemp*, 500 F.3d at 280.

In its responding memorandum, the Government concedes that it has no direct evidence that MNPI intentionally was provided to and knowingly received by Ms. Pearl from her stepfather, Defendant Rouzbeh Haghighat (*see* Gov't Resp. at 7 and 14 (ECF No. 87)), and admits that as to Ms. Pearl, the Indictment's allegations and Government's proof are composed solely of purported circumstantial evidence. *See id.* Specifically, the entirety of the facts provided to infer the circumstances of the transmission of MNPI that Ms. Pearl allegedly knowingly received are provided in the following two paragraphs:

> 34. On or about May 22, 2023, after ROSS HAGHIGHAT attended a Company-1 Board meeting at which the proposed acquisition was discussed, he messaged PEARL, "I just finished Board call," and "Looking forward to our drive back on Wednesday[.]"
>
> 35. On or about Wednesday, May 24, 2023, ROSS HAGHIGHAT picked up PEARL from in or around Brooklyn, New York, and they drove back to ROSS HAGHIGHAT's home in or around West Newbury, Massachusetts.

(Indictment ¶¶ 34–35)

Thus, the Indictment never states when or where Mr. Haghighat allegedly provided Ms. Pearl with MNPI, nor does it allege what MNPI Ms. Pearl was given, which is a necessary element of the offense charged. Without this information, Ms. Pearl cannot know what she is defending herself against at trial. The Government's failure to allege such basic elements of the offense warrant dismissal of the Indictment. (Opening Mem. at 3 (ECF No. 80-1)) (citing *United States v. Schiff,* 602 F.3d 152, 161 (3d Cir. 2010) and *Oran v. Stafford,* 226 F.3d 275, 282 (3d Cir. 2000)).

A total of seven paragraphs related to the material nonpublic information (MNPI) that Ross Haghighat allegedly provided to his stepdaughter, Ms. Pearl, are included in the Indictment. (Indictment ¶¶ 1, 33–35, 81, 83, 87) Of those seven paragraphs, five paragraphs contain conclusory allegations that simply restate the statutory language, with no supporting facts, to allege that Mr. Haghighat provided Ms. Pearl with MNPI upon which she traded. (Indictment ¶¶ 1, 33, 81, 83, 87)

2

No paragraph in the Indictment provides any facts about the timing or substance of the MNPI that Ms. Pearl allegedly received from Mr. Haghighat or alleges what MNPI he allegedly gave her. This is a failure to sufficiently allege an offense. (Opening Mem. at 3 (ECF No. 80-1)).

### b. A Bill of Particulars Should be Required Here in the Alternative

The Government argues that a bill of particulars is not necessary because the Indictment is sufficiently detailed and the Government has provided discovery. (Gov't Resp. at 12–14 (ECF No. 87)).) As explained above, the Indictment does not provide sufficient detail about the timing and circumstances of the MNPI allegedly provided to Ms. Pearl. For those same reasons, a bill of particulars is warranted.

To attempt to avoid the obligation to provide a bill of particulars, the Government argues that it simply has no such proof, and thus it "need not provide particulars where it has none." (Gov. Mem. at 14) (*citing United States v. Rajaratnam,* No. 09-cr-1184, 2010 WL 278816, at *9 (S.D.NY. July 13, 2010).  The Government's concession that it has no proof of what if any MNPI was communicated to Ms. Pearl supports dismissal of the indictment, because it establishes that there is no such allegation in the charges. But it also supports that a bill of particulars is required; the Government cannot have it both ways, first by arguing that the indictment adequately alleges a crime that requires the transmission and receipt of MNPI, but contains no such factual allegations, but when asked what that the MNPI was, seeks to avoid a bill of particulars by claiming that it does not know.

Nor, and particularly in this case, is discovery a substitute for sufficient information about the charges faced by the defendant. While here the discovery is voluminous, "[i]t is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000), aff'd sub nom. *In re Terrorist Bombings of*

3

*U.S. Embassies in E. Afr.*, 552 F.3d 93 (2d Cir. 2008) (citing *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987); *United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y. 2000)). "The Government does 'not fulfill its obligations merely by providing mountains of documents to defense counsel who were left unguided' as to the nature of the charges pending." *United States v. Lino*, No. 00 CR. 632 (WHP), 2001 WL 8356, at *4 (S.D.N.Y. Jan. 2, 2001) (quoting *Bortnovsky*, 820 F.2d at 574); *see also United States v. Blakstad*, No. 19 CR. 486 (ER), 2020 WL 5992347, at *11 (S.D.N.Y. Oct. 9, 2020) ("To be sure, the Government's production is voluminous, and bills of particulars may be ordered when the prosecution inundates the defense team with numerous files to sift through.").

In *Bortnovsky*, for example, defendants were charged with engaging in a scheme to defraud the Federal Emergency Management Administration and insurance company by submitting false insurance claims. 820 F.2d at 573. The Second Circuit held that the district court erred in denying defendants' motion for a bill of particulars where the indictment failed to provide essential information about the charges, such as the dates of the allegedly staged burglaries or which documents were falsified. *Id*. at 574–75. Despite providing "mountains of documents to defense counsel," by failing to provide sufficient information about the elements of the offense, "the burden of proof impermissibly was shifted to the defendants," who were "hindered in preparing their defense." *Id*.

Therefore, the indictment should be dismissed for the failure to allege a crime, or, in the alternative, the Government should be required to provide a bill of particulars as to the circumstances and substance of the MNPI that Ms. Pearl allegedly received.

      **c.**      **The Government's Responding Memorandum Exhibits the Government's Intent to Rely Upon Spill-Over Evidence Inadmissible against Ms. Pearl to Substitute for the Lack of Proof of the Knowing Transmission and Receipt of MNPI**

      The Government's responding memorandum has shown that the severance of Ms. Pearl's case is necessary to prevent highly prejudicial spillover evidence from depriving Ms. Pearl of her right to a fair trial. We recognize that the time scheduled for pretrial motions has passed. It is respectfully requested, however, that the Court hear a severance motion by Ms. Pearl, because in its responding memorandum the Government has conceded that while it has no direct proof of the knowing communication or receipt of MNPI, it intends to use evidence applicable only to other Defendants against Ms. Pearl.  *See* Government Memorandum at 1 ("In this case, the detailed 35-page Indictment alleges an insider trading scheme" involving five people to trade on MPNI).

      But little about the Indictment's allegations and none of the alleged trading of other defendants is relevant as to Ms. Pearl. The Third Circuit has found that a severance is appropriate where significant danger of prejudicial spillover evidence exists to a Defendant facing limited allegations, as here. *See United States v. Price*, 13 F.3d 711 (3d Cir. 1994); *see also United States v. Gilbert*, 504 F. Supp. 565, 571 (S.D.N.Y. 1980)(severance granted in a securities conspiracy case where the defendant would be prejudiced by the offering of proof solely pertaining to others). That would be the case here for Ms. Pearl. Therefore, it is respectfully requested that Ms. Pearl be permitted to make a severance motion.

## **CONCLUSION**

For these reasons, and those in Ms. Pearl's Opening Memorandum (ECF No. 80), the Court should dismiss the indictment as against Kirstyn Pearl. Alternatively, the Court should require the Government to provide a bill of particulars that identifies the timing and substance of the alleged material nonpublic information that Ms. Pearl received. It is further respectfully requested that the Court hear a severance motion on behalf of Ms. Pearl.

Dated: September 12, 2025

Respectfully submitted,

Paul T. Weinstein
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, New York 11271
(212) 238-3090
pweinstein@emmetmarvin.com
*Counsel for Kirstyn M. Pearl*

## **CERTIFICATE OF SERVICE**

 I hereby certify that, on September 12, 2025, a true and correct copy of the foregoing was served on all parties through the CM/ECF system.

              Paul T. Weinstein
              Emmet, Marvin & Martin, LLP
              120 Broadway, 32nd Floor
              New York, New York 11271
              (212) 238-3090
              pweinstein@emmetmarvin.com
              *Counsel to Kirstyn M. Pearl*