

December 1, 2025

**VIA ECF**
Chambers of the Honorable Michael E. Farbiarz
United States District Court for the District of New Jersey
2 Federal Square, Courtroom #4
Newark, NJ  07102

      RE: *United States v. Haghighat et al.*, Crim No. 25-339 (MEF)

To the Honorable Michael E. Farbiarz:

      I write on behalf of the United States Securities and Exchange Commission ("SEC") to bring to the Court's attention a trial subpoena served on the SEC in the above-referenced matter (the "Subpoena").  Ex. A.  The SEC is aware of the Court's direction to trial counsel to request permission from the Court prior to filing motions.  Should the Court determine that briefing would be helpful on the matter, the SEC is prepared to file a motion to quash the Subpoena.

      The Subpoena was issued by the Court on November 24, 2025, at the request of Defendant Rouzbeh "Ross" Haghighat ("Defendant").  Defendant served it on the SEC the afternoon of November 25, 2025, two business days before the start of trial in this matter.  The Subpoena commands an SEC witness to appear in court on Monday, December 1, 2025, at 9 a.m., and produce two categories of records:

1. "Documents sufficient to show the trade history in Chinook Therapeutics Inc. for the period of July 2021 through July 2023 for the accounts of Cormorant Asset Management LP, Vestal Point Capital, LP., Checkpoint Capital LP., Vance Eric Pointer and Christopher Stanley Moe & Barbara Jean Moe."

2. "Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), documents within the possession, custody, or control of the Securities and Exchange Commission that are favorable to Ross Haghighat concerning *United States v. Ross Haghighat*, 25-cr-339-MEF."

      SEC's counsel responded the next day, November 26, 2025, by the attached letter to Defendant's counsel.  Ex. B.  The SEC objected to the Subpoena and requested that Defendant inform the SEC if he intended to enforce the Subpoena.  Ex. B.  At the time of this filing, Defendant's counsel has not responded.

In a motion to quash, the SEC would argue that the Subpoena is unreasonable and oppressive under Rule 17 of the Federal Rules of Criminal Procedure. On its face, the Subpoena fails to clear the three hurdles required under settled case law—(1) relevancy; (2) admissibility; and (3) specificity. *See United States v. Nixon*, 418 U.S. 683, 698-700 (1974); *United States v. Eisenhart*, 43 Fed. App'x 500, 505 (3d Cir. 2002). The Subpoena seeks trading records that would not be relevant or admissible in this criminal trial. During a court hearing on November 21, 2025, Defendant's counsel seems to have committed to not introduce this kind of trading evidence at trial. Moreover, any responsive records that the SEC might possess would likely be incomplete trading records containing highly confidential data, and before producing the records the SEC would need to determine appropriate methods for protecting the confidentiality of the records, including seeking a protective order or reviewing and redacting records. A more appropriate source for the trading records at issue would be the brokerage firms and individuals themselves, not the SEC. Further, the Subpoena also fails the specificity requirement as it broadly seeks trading records over a two-year period and *Brady* material without focusing on any specific documents or discrete and limited categories of documents.

With respect to the request to produce *Brady* material, as the SEC noted to Defendant's counsel, it is the prosecutor's duty, not the SEC's, to determine what materials the government must produce to the defense. *See United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008) (noting that it is the prosecutor's duty to turn over *Brady* material to the defendant).

Given all the circumstances, the Subpoena does not appear to have been issued to seek admissible trial evidence but rather appears to be a "fishing expedition" prohibited under Rule 17. *See United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 212, 220-21 (1951)). The SEC respectfully submits that the Subpoena should be quashed and is prepared to make the arguments outlined above. We thank the Court for its consideration of this letter.

          Respectfully submitted,

          /s/ *Michael S. Bailey*
          Melinda Hardy (D.C. Bar No. 431906)
          hardym@sec.gov
          Michael S. Bailey (D.C. Bar No. 983676)
          baileym@sec.gov
          James M. McHale (N.Y. Bar No.
             1578350/D.C. Bar No. 111773
          mchalejm@sec.gov
          Office of the General Counsel
          U.S. Securities and Exchange Commission
          100 F Street NE
          Washington, DC  20549
          Telephone: (202) 551-5100

CC: Counsel of Record by ECF

# EXHIBIT A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Rouzbeh Haghighat, et al. | ) | Case No. 2:25-cr-00339-MEF |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Securities and Exchange Commission

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Frank Lautenberg Post Office & United States Courthouse, 2 Federal Square, Newark, New Jersey 07101 | Courtroom No.: | PO 4 |
|---|---|---|---|
| | | Date and Time: | 12/01/2025 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
See attached Rider A.

(SEAL)

Date: 11/24/25

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Rouzbeh "Ross" Haghighat
_____ , who requests this subpoena, are:

Adam Fee, adam.fee@weil.com, 213-667-5125; Ben Nicholson, benjamin.nicholson@weil.com, 213-304-5955 Weil, Gotshal & Manges LLP, 1999 Avenue of the Stars, 18th Fl., Los Angeles, CA 90067

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 2:25-cr-00339-MEF

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## Rider A

Documents sufficient to show the trade history in Chinook Therapeutics Inc. for the period of July 2021 through July 2023 for the accounts of Cormorant Asset Management LP, Vestal Point Capital, LP., Checkpoint Capital LP., Vance Eric Pointer and Christopher Stanley Moe & Barbara Jean Moe.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), documents within the possession, custody, or control of the Securities and Exchange Commission that are favorable to Ross Haghighat concerning *United States v. Ross Haghighat*, 25-cr-339-MEF.

Please reach out to Adam Fee (adam.fee@weil.com) and Ben Nicholson (benjamin.nicholson@weil.com) to discuss the possibility of producing documents in advance of the trial date in lieu of appearance.

# EXHIBIT B

**U.S. Securities and Exchange Commission**
**Office of the General Counsel**

November 26, 2025

Mr. Adam Fee, Esq.
Mr. Ben Nicholson, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

**VIA EMAIL AND OVERNIGHT DELIVERY**

    RE: <u>SEC's Response to Subpoena in *United States v. Haghighat* (Case No. 2:25-cr-00339)</u>

Dear Mr. Fee and Mr. Nicholson:

    I write on behalf of the United States Securities and Exchange Commission ("SEC"). I am tasked in responding to a criminal trial subpoena in *United States v. Haghighat* (Case No. 2:25-cr-00339), dated November 24, 2025, and received by SEC staff on the afternoon of November 25, 2025 ("Subpoena"). The Subpoena directs the SEC to produce the following on or before December 1, 2025, when trial is scheduled to begin in this matter:

1. Documents sufficient to show the trade history in Chinook Therapeutics Inc. for the period of July 2021 through July 2023 for the accounts of Cormorant Asset Management LP, Vestal Point Capital, LP., Checkpoint Capital LP., Vance Eric Pointer and Christopher Stanley Moe & Barbara Jean Moe.

2. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), documents within the possession, custody, or control of the Securities and Exchange Commission that are favorable to Ross Haghighat concerning *United States v. Ross Haghighat*, 25-cr-339-MEF.

    Because the Subpoena is improper, as explained below, the SEC will not produce any documents in response to it. If necessary, the SEC will move to quash the Subpoena.

    *First,* the Subpoena was served on the SEC on the afternoon of November 25, 2025. It seeks records from the SEC without identifying specific divisions or offices at issue. Given the upcoming Thanksgiving holiday, the SEC would have just two business days to gather and produce possibly a significant volume of responsive records. This is an unreasonable time period to comply with the Subpoena, particularly given its potential breadth.

    *Second*, the Subpoena seeks materials that are neither relevant nor admissible and fails to meet the legal standards required for pretrial production under Rule 17(c) of the Federal Rules of Criminal Procedure. It broadly requests the trading history of certain individuals and entities spanning a two-year

1

period and any *Brady* material that concerns *United States v. Ross Haghighat*, 25-cr-339-MEF, lacking the specificity and evidentiary foundation necessary to justify such a request.

*Third*, the document production requests appear to be a misuse of subpoena power as a discovery tool, rather than a legitimate effort to obtain trial evidence. The records you seek would appear to have been readily available from other entities reasonably in advance of trial. The nature and scope of the requests suggest a fishing expedition, which is impermissible under established legal standards and settled case law. *United States v. Nixon,* 418 U.S. 683, 698-99 (1974); *Baylson v. Disciplinary Bd. of Supreme Court of Pennsylvania*, 975 F.2d 102, 109 (3d Cir. 1992) (citing *Nixon,* 418 U.S. at 699-700).

*Fourth*, Request No. 1 appears to seek records that defense counsel committed to not introducing as evidence at trial. On November 12, 2025, the prosecutor moved to exclude evidence or argument about the trading activities of specific uncharged third parties. *See* Dkt. 194. At the November 21, 2025, hearing on the motion, after the Court pressed defendants on what they intended to offer into evidence as to third-party trading, defendants committed to making use of the government's evidence offered at trial concerning trading data and trading volume. Request No. 1 appears to seek from the SEC exactly the kind of evidence defendants committed not to introduce at trial. This further underscores the misuse of the subpoena power under *Nixon* and its progeny.

*Fifth*, Request No. 2 improperly seeks *Brady* material from the SEC. The SEC has no duty to determine what materials may need to be turned over to the defense under *Brady*. That duty lies with the prosecution.

Without waiving these objections, in response to Request No. 1, the SEC is currently not aware of any set of records in its possession that would be sufficient to show a comprehensive trade history of shares in Chinook Therapeutics Inc. for the July 2021-July 2023 period by the entities and individuals the Subpoena references. To the extent the SEC has any responsive records, they would likely be incomplete records containing confidential data, and it would be more appropriate to seek trading records directly from the brokerage firms and the traders themselves.

Please let me know no later than noon on Friday, November 28, if you still intend to enforce your Subpoena on the SEC. If so, we will likely need to move to quash it. If you have any questions or would like to discuss the Subpoena further, please send me an email suggesting a good time to speak.

Sincerely,

Michael S. Bailey
Office of the General Counsel
U.S. Securities and Exchange Commission