**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Hon. Michael E. Farbiarz |
| v. | : | |
| | : | Crim. No. 25-339 |
| ROSS HAGHIGHAT, | : | : |
| KIRSTYN M. PEARL, | : | |
| SEYEDFARBOD "FABIO" SABZEVARI, | : | |
| JAMES D. ROBERGE | : | |

**<u>Joint Proposed Jury Instructions</u>**

The United States, through undersigned counsel, Defendants Ross Haghighat, Kirstyn M.

Pearl, Seyedfarbod "Fabio" Sabzevari, and James D. Roberge, through respective undersigned

counsel, respectfully submits their joint proposed jury instructions.

Dated: December 10, 2025

Respectfully submitted,

LORINDA I. LARYEA
Acting Chief
Fraud Section, Criminal Division
U.S. Department of Justice

By:    /s/ Tamara Livshiz
John J. Liolos, Trial Attorney
Tamara Livshiz, Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
John.Liolos@usdoj.gov
(202) 768-2246

   /s/ Adam Fee
Adam Fee
Ben Nicholson
Weil, Gotshal & Manges LLP

   /s/ Paul Weinstein
Paul Weinstein
Eric Mullery
Marvin & Martin LLP

   /s/ Lawrence Lustberg
Lawrence S. Lustberg
Andrew Marino
Gibbons P.C.

   /s/ Zachary Intrater
Zachary Intrater
Daniela Manzi
Agnifilo Intrater LLP

### Final Instruction No. 1: Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat), or any AI chatbots (such as ChatGPT, Grok, Google Gemini, and Claude) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community.

.

**Final Instruction No. 2: Evidence**

You must make your decisions in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

    (1)      The testimony of the witnesses;

    (2)      Documents and other things received as exhibits; and

    (3)      Any fact or testimony that was stipulated; that is, formally agreed to by the parties;

The following are not evidence:

    (1)      The indictment;

    (2)      Statements and arguments of the lawyers for the parties in this case;

    (3)      Questions by the lawyers and questions that I might have asked;

    (4)      Objections by lawyers, including objections in which the lawyers stated facts;

    (5)      Any testimony I struck or told you to disregard; and

    (6)      Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be

influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

**Final Instruction No. 3: Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict. "Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact. For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining. On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience, and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

**Final Instruction No. 4: Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

1. The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2. The quality of the witness' knowledge, understanding, and memory;

3. The witness' appearance, behavior, and manner while testifying;

4. Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

5. Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

6. Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

7. Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

8. Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

### Final Instruction No. 5: Not All Evidence, Not All Witnesses Needed

Although the Government is required to prove each Defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the Defendants are not required to present any evidence or produce any witnesses.

**Final Instruction No. 6: Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The Defendants pleaded not guilty to the offenses charged. The Defendants are presumed to be innocent. Each Defendant started the trial with a clean slate, with no evidence against him or her. The presumption of innocence stays with the Defendants unless and until the Government has presented evidence that overcomes that presumption by convincing you that the Defendants are guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find a Defendant not guilty, unless you are satisfied that the Government has proven guilt beyond a reasonable doubt.

The presumption of innocence means that no Defendant has a burden or obligation to present any evidence at all or to prove that he or she is not guilty. The burden or obligation of proof is on the Government to prove that each Defendant is guilty and this burden stays with the Government throughout the trial.

In order for you to find the Defendants guilty of the offenses charged, the Government must convince you that the Defendants are guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. A Defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

11

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

In this case, Defendant James Roberge presented evidence and produced witnesses. Defendant James Roberge is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

**Final Instruction No. 7: Nature of the Indictment**

As you know, the Defendants are charged in the Indictment with violating federal law. Specifically, Ross Haghighat, Seyedfarbod "Fabio" Sabzevari, Kirstyn Pearl, and James Roberge have been charged with securities fraud. Ross Haghighat and Kirstyn Pearl have been charged with securities fraud and conspiracy. Ross Haghighat is charged in a separate conspiracy with non-defendant Bruce Haghighat.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the Defendants have been indicted in making your decision in this case.

**Final Instruction No. 8: On or About**

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Final Instruction No. 9: Separate Consideration – Single Defendant Charged with Multiple Offenses**

Each Defendant is charged with more than one offense; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

**Final Instruction No. 10: Separate Consideration – Multiple Defendants Charged with a Single Offense**

The Government has charged two or more Defendants are charged in Count 1, Counts 4 Through 17, and Count 19 of the Indictment. In our system of justice, however, guilt or innocence is personal and individual. You must separately consider the evidence against each Defendant, and you must return a separate verdict for each Defendant. For each Defendant, you must decide whether the Government has proved that particular Defendant guilty beyond a reasonable doubt.

Your decision on one Defendant, whether guilty or not guilty, should not influence your decision on any of the other Defendants. Each Defendant should be considered individually.

**Final Instruction No. 11: Separate Consideration – Multiple Defendants Charged with the Same Offenses**

The Defendants are all charged with more than one offense; each offense is charged in a separate count of the indictment. The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each Defendant on each offense charged, and you must return a separate verdict for each Defendant on each offense. For each Defendant and offense, you must decide whether the Government has proved beyond a reasonable doubt that the particular Defendant is guilty of the particular offense.

Your decision on any one Defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other Defendants or offenses. Each Defendant and each offense should be considered separately.

**Final Instruction No. 12: Separate Consideration – Multiple Defendants Charged with Different Offenses**

The Defendants are charged with different offenses. I will explain to you in more detail shortly which Defendants are charged with which offenses. Before I do that, however, I want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each Defendant on each offense charged and you must return a separate verdict for each Defendant for each offense. For each Defendant and each offense, you must decide whether the Government has proved beyond a reasonable doubt that a particular Defendant is guilty of a particular offense.

Your decision on any one Defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other Defendants or offenses. Each offense and each Defendant should be considered separately.

**Final Instruction No. 13: Overview of the Charges**

The Indictment contains 19 Counts.

Count 1 charges Defendants Ross Haghighat, Fabio, Kirstyn Pearl, and James Roberge with securities fraud in violation of Title 18, United States Code, Section 1348.

Count 2 charges Defendant Ross Haghighat with securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

Count 3 charges Defendants Ross Haghighat with securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

Count 4 charges Defendants Ross Haghighat and Kirstyn Pearl with securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

Counts 5 through 10 charge Defendants Ross Haghighat and Fabio Sabzevari with securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

Counts 11 through 17 charge Defendants Ross Haghighat and James Roberge with securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

Count 18 charges Defendants Ross Haghighat under Title 18, United States Code, Section 1349 with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 1348.

Count 19 charges Defendants Ross Haghighat and Kirstyn Pearl under Title 18, United States Code, Section 1349 with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 1348.

I will now instruct you on the elements of each of the charges against the Defendants.

**Final Instruction No. 14: Elements of Count 1 – Securities Fraud, 18 U.S.C. § 1348**

The Defendants are charged in Count One of the Indictment with a scheme to commit securities fraud by insider trading in violation of Title 18, United States Code Section 1348. More specifically, from in or around May 2023 through in or around November 2023, the Defendants are alleged to have engaged in a scheme to insider trade on the basis of material, nonpublic information that Novartis AG offered to acquire Chinook Therapeutics Inc. It is not necessary for the Government to prove that the scheme lasted throughout the entire period alleged, but only that it existed for some period within that time frame. In order for the Defendants to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First: the Defendant executed or attempted to execute a scheme or artifice to defraud.

Second: the Defendant did so knowingly and with intent to defraud, that is, the intent to deceive and cheat.

Third: the scheme or artifice to defraud was in connection with the purchase or sale of any security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act or that was required to file reports under Section 15(d) of the Securities Exchange Act.

Fourth: the scheme or artifice to defraud  must relate to material facts; that is, a fact that has a natural tendency to influence or was capable of influencing, the decision-maker or decision-making body to which it was directed.

Regarding the first element, a "scheme or artifice to defraud" is merely a plan to accomplish a fraudulent objective. "Fraud" is a general term that which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth. The specific scheme or artifice to defraud that the Government alleges the Defendants executed or attempted to execute in connection with Count 1 is known as insider trading. Under this statute, insider trading constitutes a scheme or artifice to defraud.

20

For purposes of these charges, an "insider" is a person who possesses material nonpublic information about a publicly traded company by virtue of a relationship with that company that involves a duty of trust and confidence. If a person has such inside information and his position of trust and confidence prohibits him from disclosing that information, the law forbids him from (1) buying or selling the securities of the company in question, or (2) passing that information on to others with the expectation that they will trade in such securities on the basis of that inside information.

The law also prohibits a person who is not an insider from trading in securities based on material nonpublic information or assisting others to trade on the basis of that information if the person knows that the material, nonpublic information was intended to be kept confidential and was disclosed in violation of a duty of trust or confidence. In such situations, the person conveying the material nonpublic information is referred to as a "tipper," and the person receiving the information is referred to as a "tippee."

In Count 1, the Government has alleged that Defendant Ross Haghighat was an insider at Chinook Therapeutics Inc. who traded on the basis of material nonpublic information or disclosed material nonpublic information to the other Defendants in anticipation the other Defendants would use that information in trading Chinook securities. The other charged Defendants, Defendants Pearl, Sabzevari, and Roberge, are not charged as insiders, but are charged with being tippees who received material nonpublic information from Defendant Ross Haghighat and then traded Chinook securities on the basis of that information.

In order to find that the Government has established the first element of the charge in Count 1 with respect to Defendant Ross Haghighat, you must find that the Government has proven beyond a reasonable doubt:

First, that Defendant Ross Haghighat owed a duty of trust and confidence to Chinook.

Second, that Defendant Ross Haghighat violated a duty of trust and confidence by (i) trading

Chinook securities on the basis of material nonpublic information or (ii) tipping another Defendant with the expectation that Defendant would trade on the basis of material nonpublic information.

In order to find that the Government has established the first element of Count 1 with respect to Defendants Pearl, Sabzevari, and Roberge, you must find that the Government has proven beyond a reasonable doubt:

First, that Defendant Ross Haghighat owed a duty of trust and confidence to Chinook.

Second, that Defendant Ross Haghighat violated a duty of trust and confidence by disclosing material nonpublic information to another Defendant with the expectation that Defendant would trade on the basis of the information.

Third, that the charged "tippee" Defendant knew both that the information obtained had been disclosed in breach of a duty that Ross Haghighat owed to Chinook.

Fourth, the other Defendant in fact traded, or caused others to trade, in securities based on material nonpublic information.

It is not necessary that a Defendant made a profit or that anyone actually suffered a loss.

**Final Instruction No. 15: Counts 2 through 17 Securities Fraud, 15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5**

Counts 2 through 17 charge various Defendants with insider trading constituting securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, Title 15, United States Code Section 78j(b) and 78ff, and what is called Rule 10b-5, Title 17, Code of Federal Regulations Section 240.10b-5. More specifically, the Defendants are alleged to have engaged in specific instances of insider trading on the basis of material nonpublic information that Novartis AG offered to acquire Chinook Therapeutics Inc.

To find the Defendants guilty of securities fraud by insider trading as charged in Counts 2 through 17, you must find that the Government has proven the following four elements beyond a reasonable doubt:

First: that in connection with the purchase or sale of a security, namely Chinook Therapeutics Inc. stock and/or options, the defendant employed a device, scheme, or artifice to defraud, or engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchase or seller of the specified security.

Second: that the charged Defendant acted knowingly, willfully, and with the specific intent to defraud.

Third: that, in connection with this purchase or sale, the charged Defendant knowingly used, or caused to be used, any means or instrumentality of transportation or communication in interstate commerce, or the use of the mails, or of any facility of any national securities exchange.

Under the first element here, a "device, scheme or artifice to defraud" is merely a plan to accomplish a fraudulent objective. "Fraud" is a general term that which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth. The specific device, scheme or artifice to defraud or act, practice or course of business that the Government alleges the defendant employed in connection with Counts 2

through 17 is "insider trading."

For purposes of these charges, an "insider" is a person who possesses material nonpublic information about a publicly traded company by virtue of a relationship that involves a duty of trust and confidence. If a person has such inside information and his position of trust and confidence prohibits him from disclosing that information, the law forbids him from buying or selling the securities of the company in question, or from passing that information on to others for a personal benefit with the expectation that they will trade in such securities on the basis of that inside information.

The law also prohibits a person who is not an insider from trading in securities based on material nonpublic information or assisting others to trade on the basis of that information if the person receiving the information, known as a "tippee," knows that the material, nonpublic information was intended to be kept confidential and was disclosed by the "tipper" in violation of a duty of trust or confidence, and that the tipper received a personal benefit by disclosing the material nonpublic information.

A personal benefit to the tipper may be intangible, such as when an insider passes confidential information to a trading relative or friend. In such situations, the tip and trade resemble trading by the insider followed by a gift of the proceeds to the recipient. The personal benefit can be met by evidence that the tipper's disclosure of inside information was intended to benefit the tippee.

In Counts 2 through 17, the Government has alleged that Defendant Ross Haghighat was an insider at Chinook Therapeutics Inc. who (i) traded on the basis of inside information or (ii) disclosed inside information to the other Defendants, as charged in the various Counts, in anticipation the other Defendants would use that information in trading Chinook securities. The other charged Defendants, Defendants Pearl, Sabzevari, and Roberge, are charged with being tippees who received material nonpublic information from Defendant Ross Haghighat and then traded Chinook securities on the basis of that information.

Count 2 charges Defendant Ross Haghighat alone with an execution of insider trading as charged

in the Indictment. In order to find that the Government has established the first element with respect to Defendant Ross Haghighat as charged in Count 2, you must find that the Government has proven beyond a reasonable doubt:

> First, that Ross Haghighat owed a duty of trust and confidence to Chinook.

> Second, that Ross Haghighat violated a duty of trust and confidence by trading Chinook securities on the basis of material nonpublic information.

Counts 3 through 17 charge both Ross Haghighat and either a non-party or one of the other Defendants, as set forth in the various Counts, with executions of insider trading under a tipper-tippee theory of liability. You must consider each Defendant's liability separately. In order to find that the Government has established the first element charged in these Counts as to Defendant Ross Haghighat, you must find that the Government has proven beyond a reasonable doubt:

> First, that Ross Haghighat owed a duty of trust and confidence to Chinook.

> Second, that Ross Haghighat violated a duty of trust and confidence by disclosing Chinook's material nonpublic information.

> Third, that Ross Haghighat received a personal benefit from the disclosure of allegedly material, nonpublic information.

> Fourth, that Ross Haghighat did so with the expectation that such others would trade in Chinook securities based on that information.

In order to find that the Government has established the first element charged in Counts 3 through 17 as to each of the other Defendants—Kirstyn Pearl, Fabio Sabzevari, and James Roberge—charged in each specific Counts you must find that the Government has proven beyond a reasonable doubt:

> First, that Ross Haghighat owed a duty of trust and confidence to Chinook.

> Second, that Ross Haghighat violated a duty of trust and confidence by disclosing Chinook's material, nonpublic information to the specific Defendant charged in the particular Count.

<u>Third</u>, that Ross Haghighat personally benefited in some way, directly or indirectly, from the disclosure of the allegedly inside information to the Defendant charged in the particular Count.

<u>Fourth</u>, that the charged "tippee" Defendant knew both that the information obtained had been disclosed in breach of a duty that Ross Haghighat owed to Chinook and in exchange for a personal benefit to Ross Haghighat.

<u>Fifth</u>, that the tippee in fact traded in securities based on the material, nonpublic information he or she received from charged tipper Defendant, Ross Haghighat.

It is not necessary that a Defendant made a profit or that anyone actually suffered a loss.

### Final Instruction No. 16: Material Nonpublic Information

The nonpublic information must be material. Information is material if a reasonable investor would consider the information important in deciding whether to buy, sell, or hold securities, and at what price to buy or sell the securities. Stated another way, nonpublic information is material if a reasonable investor would have viewed the information as having significantly altered the total mix of information then available. Material facts include those which may affect investors decisions to buy, sell, or hold a company's securities. Material information includes any fact which, viewed objectively, might affect the value of a corporation's stock or other securities, like options.  Your consideration of the element of materiality must be based on the facts existing at the time the trade alleged by the Government was made.

While the concepts of materiality and nonpublic status refer to different things, there is considerable overlap for purposes of insider trading analysis. The content of a piece of information may be of importance in affecting the share price but be so well-known that it does not alter the mix of available information and therefore is not deemed to be material. On the other hand, the information, if previously unknown to the public, may alter substantially the mix of information and thus be deemed material.

## Final Instruction No. 17: Nonpublic Information

Information is nonpublic if, at the time it was communicated, it was not available to the public through such sources as press releases, Securities and Exchange Commission filings, trade publications, analysts' reports, newspapers, magazines, television, radio, or other similar sources.

The fact that information has not appeared in a widely available public medium does not alone determine whether the information is nonpublic. Sometimes a corporation authorizes the release of information or is otherwise willing to make information publicly available. If the corporation does not proceed in a way that treats that information confidentially, the information will be public.  In this case, a board member cannot authorize the release of confidential information.

In evaluating what information a company has treated as confidential, you may consider written company policies, confidentiality contracts, measures the company has taken to guard the information's secrecy, the extent, if any, to which the information has already been disclosed to outsiders, and any other relevant facts and circumstances. Information is considered nonpublic for purposes of insider trading until such information has been disseminated in a manner sufficient to ensure its availability to the investing public.

While the concepts of materiality and nonpublic status refer to different things, there is considerable overlap for purposes of insider trading analysis. The content of a piece of information may be of importance in affecting the share price but be so well-known that it does not alter the mix of available information and therefore is not deemed to be material. On the other hand, the information, if previously unknown to the public, may alter substantially the mix of information and thus be deemed material.

**Final Instruction No. 18: "On the Basis Of"**

A person trades "on the basis of" material nonpublic information if (1) the information is a factor in his decision to buy or sell a security, but it need not be the sole cause of the trade, and (2) the person used the information in formulating or consummating a trade.

**Final Instruction No. 19: "In Connection With"**

Conduct that is "in connection with" the purchase or sale of a security, as alleged in the Indictment, means the conduct had some relationship to, was connected with, or coincides with the purchase or sale of securities.

**Final Instruction No. 20: Proof of Required State of Mind**

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, a Defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine a Defendant's state of mind you may consider evidence about what the Defendant said, what the Defendant did and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the Defendant's mind at that time of the alleged offense. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the Defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the Defendant knowingly did, and whether it is reasonable to conclude that the Defendant intended those results or consequences. You may find, but you are not required to find, that the Defendant knew and intended the natural and probable consequences or results of acts he or she knowingly did. This means that if you find that an ordinary person in the Defendant's situation would have naturally realized that certain consequences would result from his or her actions, then you may find, but you are not required to find, that the Defendant did know and did intend that those consequences would result from his or her actions. This is entirely up to you to decide as the finders of the facts in this case.

**Final Instruction No. 21: State of Mind – Knowingly**

The offense of insider trading, as charged in Counts 1 through 17, requires that the Government prove that the Defendants acted "knowingly" with respect to certain elements of the offenses. A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the Government must prove beyond a reasonable doubt that the Defendant was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether a Defendant acted "knowingly," you may consider evidence about what the Defendant said, what the Defendant did and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the Defendant's mind at that time.

**Final Instruction No. 22: "Willfully"**

The offense of securities fraud, as charged in Counts 2 through 17, requires the Government to prove that the Defendants acted "willfully." Acting "willfully" means that the Defendant knew his or her conduct was unlawful and intended to do something that the law forbids. That is, to find that the Defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the Defendant acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that the Defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law. "Willfully" does not require proof that the Defendant knew of the existence and meaning of the statute making his or her conduct criminal.

### Final Instruction No. 23: Intent to Defraud

The offense of insider trading, as charged in Counts 1 through 17, requires that the Government prove that the Defendants acted with "intent to defraud" with respect to certain elements of the offenses. To act with an "intent to defraud" means to act with the intention or purpose to deceive or to cheat. In considering whether a Defendant acted with an intent to defraud, you may consider, among other things, whether the Defendant acted with a desire or purpose to bring about some gain or benefit to him or herself or someone else or with a desire or purpose to cause some loss to someone.

**Final Instruction No. 24: Conspiracy**

Count 18 of the Indictment charges, under Title 18, United States Code, Section 1349, that Ross Haghighat agreed or conspired with one or more other persons to commit securities fraud in violation of Title 18, United States Code, Section 1348. Count 19 of the Indictment charges, under Title 18, United States Code, Section 1349, that Kirstyn Pearl and Ross Haghighat agreed or conspired to commit a separate securities fraud in violation of Title 18, United States Code, Section 1348.

A conspiracy is a kind of criminal partnership. In order to find a charged Defendant guilty of conspiracy as charged in the Indictment, you must find the Government proved beyond a reasonable doubt the following elements:

First, that two or more persons agreed to engage in conduct that would constitute the offense of securities fraud under Title 18, United States Code, Section 1348;

Second, that the Defendant was a party to or member of that agreement; and

Third, that the Defendant joined the agreement or conspiracy knowing of its objective to commit an offense and intending to join with at least one other alleged conspirator to achieve that objective; that is, that Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit the offense.

**Final Instruction No. 25: Conspiracy – Existence of an Agreement**

The crime of conspiracy requires the existence of an agreement. The Government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, as alleged here to commit securities fraud by insider trading.

The Government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The Government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The Government is not even required to prove that all the people charged were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the Government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

### Final Instruction No. 26: Conspiracy – Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then in order to find a charged Defendant guilty of conspiracy you must also find that the Government proved beyond a  reasonable doubt that the Defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The Government must prove that the Defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives. The Government need not prove that the Defendant knew everything about the conspiracy or that he or she knew everyone involved in it, or that he or she was a member from the beginning. The Government also does not have to prove that the Defendant played a major or substantial role in the conspiracy. You may consider both direct evidence and circumstantial evidence in deciding whether the Defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives. Evidence which shows that the Defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the Defendant was a member of the conspiracy even if the Defendant approved of what was happening or did not object to it. Likewise, evidence showing that the Defendant may have done something that happened to help a conspiracy does not necessarily prove that he or she joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that the Defendant joined the conspiracy.

**Final Instruction No. 27: Conspiracy – Success Immaterial**

The Government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find the Defendants guilty of conspiracy if you find that the Government proved beyond a reasonable doubt the elements I have explained, even if you find that the Government did not prove that any of the conspirators actually committed any other offense. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

**Final Instruction No. 28: Conspiracy – Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that individuals who are alleged to be conspirators of each other, namely Ross Haghighat and one or more other persons as alleged in Count 18 and Ross Haghighat and Kirstyn Pearl in Count 19, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the Defendants any acts done or statements made by any other members of the conspiracy, during the existence of and to further the objectives of the specific conspiracy alleged. You may consider these acts and statements even if they were done and made in a Defendant's absence and without his or her knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

### Final Instruction No. 29: Evidence Concerning Only Certain Defendants

You have heard certain evidence in this case that only concerned a particular Defendant. In fact, the Government's presentation proceeded largely on a Defendant-by-Defendant basis. You heard recordings of interviews of certain Defendants by law enforcement. You can consider this specific recorded evidence only in the case against the particular Defendant involved in the recording at issue. You must not consider the evidence in the case against the other Defendants.

The evidence as to the timing and substance of Fabio Sabzevari's trades cannot be considered against Kirstyn Pearl or James Roberge. The evidence as to the timing and substance of Kirstyn Pearl's trades cannot be considered against Fabio Sabzevari or James Roberge. The evidence as to the timing and substance of James Roberge's trades cannot be considered against Kirstyn Pearl or Fabio Sabzevari.

Again, each defendant is entitled to have his or her case decided just on the evidence which applies to him or her. For each defendant and each offense you must decide whether the Government has proved beyond a reasonable doubt that the particular defendant at issue is guilty of a particular offense. Evidence that only applies to a single defendant, as set out above, should not influence your decision on any of the other defendants. Each defendant and each offense must be considered separately. As I told you earlier, each and every defendant is entitled to the individual consideration of the case against him or her. That is part of the law, which I am providing to you, and which you must follow.

### Final Instruction No. 30: Motive Explained

Motive is not an element of the offenses charged in the Indictment. Proof of Bad motive is not required to convict. Further, proof of bad motive alone does not establish that a Defendant is guilty and proof of good motive alone does not establish that a Defendant is not guilty. Evidence of a Defendant's motive may, however, help you find a Defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

### Final Instruction No. 31: Venue

The Indictment alleges that some act in furtherance of the offense charged occurred here in the District of New Jersey.  There is no requirement that all aspects of the offense charged take place here in the District of New Jersey.  But for you to return a guilty verdict, the Government must convince you that some act in furtherance of the crime charged, took place here in the District of New Jersey.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the Government only has to convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

Remember that the Government must prove all the elements I have described beyond a reasonable doubt.

**Final Instruction No. 32: Opinion Evidence (Lay Witnesses)**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue.

In this case, various witnesses offered their opinions based on their perceptions. The opinions of these witnesses should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

**Final Instruction No. 33: Interview by Counsel and their Representatives**

It is proper for an attorney to interview any witness in preparation for trial.

**Final Instruction No. 34: Credibility of Witnesses – Law Enforcement Representative**

You have heard the testimony of law enforcement officers. The fact that a witness is employed by a law enforcement agency does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**Final Instruction No. 35: Impeachment of Witness – Prior Inconsistent Statement**

You may have heard the testimony of certain witnesses. You may have also heard that before this trial they made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial. These earlier statements, if any, were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use them as proof of the truth of what the witnesses said in the earlier statements. You can only use them as one way of evaluating the witnesses' testimony in this trial.

**Final Instruction No. 36: Audio Recordings – Transcripts**

You have heard audio recordings that were received in evidence, as against the Defendant speaking on the recording, and you were given written transcripts of the recordings. Captions were also played on the screen.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.

### Final Instruction No. 37: Opinion Evidence

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Peter Melley. Because of his knowledge, skill, experience, training, or education in securities markets and securities-related investigations, Mr. Melley was permitted to offer opinions on those topics and the reasons for those opinions.

The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that Mr. Melley's opinions are not based on sufficient knowledge, skill, experience, training, or education.

You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Please note that only part of Mr. Melley's testimony was given as opinion testimony. Sometimes when not giving an opinion he testified as a fact witness. You should consider his testimony as fact witnesses the way you would any other fact witness in this case.

**Final Instruction No. 38: Defendant's Choice not to Testify or Present Evidence**

Some Defendants did not testify or did not present evidence in this case. A Defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the Government throughout the entire trial and never shifts to any of the Defendants. A Defendant is never required to prove that he or she is innocent. You must not attach any significance to the fact that a Defendant did not testify. You must not draw any adverse inference against him or her because he or she did not take the witness stand. Do not consider, for any reason at all, the fact that a Defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

**Final Instruction No. 39: Defendant's Testimony**

In a criminal case, the Defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Defendant James Roberge testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

## Final Instruction No. 40: Company Policies

You heard evidence regarding insider trading policies. A violation of internal rules, standing alone, does not constitute a crime under federal law, and compliance with these rules and plans does not establish that a Defendant did not violate criminal law, unless all of the other elements I have described above have been proven beyond a reasonable doubt.

**Final Instruction No. 41: Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication With Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find a Defendant guilty of an offense, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find a Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the Government has proved a Defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open

mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, tablet, iPad, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, AI chatbot, or social media application such as ChatGPT, Facebook, Instagram, TikTok, Reddit, LinkedIn, YouTube or X/Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if

possible, continue with your deliberations on some other subject.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

## Final Instruction No. 42: Verdict Form

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the Government has proved a Defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a Defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.